IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03113-NRN

LAURI ZWINGELBERG as personal representative of the ESTATE OF KENTON LOREN ZWINGELBERG suing derivatively on behalf of SPRINT DENVER, INC.,

    Plaintiff,

v.

ROBERT A. WILLIAMS,

    Defendant.

## STIPULATED MOTION FOR APPROVAL OF DERIVATIVE ACTION SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE

Plaintiff Lauri Zwingelberg, as personal representative of the Estate of Kenton Loren Zwingelberg (the "Estate") suing derivatively on behalf of Sprint Denver, Inc. ("SDI"); and Defendant Robert A. Williams ("Williams"), by and through their undersigned attorneys, pursuant to Fed. R. Civ. P. 23.1(c) and 41(a)(2), move for approval of the settlement in this derivative action and dismissal of the case with prejudice, each party to pay their own costs and attorney fees, and as grounds therefor states as follows:

    1. **D.C.Colo.LCivR 7.1 Conferral.** Counsel for Plaintiff and Defendant are submitting this stipulated motion jointly.

    2. This is a derivative action brought pursuant to Fed. R. Civ. P. 23.1. Williams answered the complaint and did not assert counterclaims (Dkt. #14). Williams is the owner of Sprint Fort Worth, Inc. ("SFW") (Dkt. #5, Verified Complaint ("Complaint"), ¶ 23; Dkt.

#14, ¶ 23). SFW owns 55% of the shares of SDI (Dkt. #5, Complaint, ¶ 22; Dkt. #14, ¶ 22). The Estate owns the other 45% of the shares of SDI (Dkt. #5, Complaint, ¶ 24; Dkt. #14, ¶ 24). SFW and the Estate thus comprise 100% of the shareholders of SDI.

3. The Estate, Williams, SFW, and SDI have entered into a settlement agreement that resolves all claims in this action. The parties respectfully request that the Court approve the settlement and dismiss the case with prejudice, each party to pay their own costs and attorney fees.

4. Rule 23.1(c) provides: "A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders." The notice requirement ensures that dismissal of a derivative suit is in the best interests of the corporation and <u>absent</u> shareholders. *Papilsky v. Berndt*, 466 F.2d 251, 258 (2d Cir. 1972)). The safeguards are intended to prevent shareholders from suing in place of the corporation in circumstances where the action would disserve the legitimate interests of the company or its shareholders. *Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 532 n.7 (1984). Although the language of Rule 23.1(c) suggests that notice is mandatory, courts have discretion to allow the parties to dispense with the notice requirement when the lack of notice will not prejudice absent shareholders. *Stadnicki on behalf of LendingClub Corp. v. LaPlanche*, No. C 16-03072 WHA, 2018 WL 4110553 *5 (N.D. Cal. 8/29/2018).

5. Settlements of shareholder derivative actions are particularly favored because such litigation is notoriously difficult and unpredictable. *Zimmerman v. Bell*, 800 F.2d 386,

392 (4th Cir. 1986). "Approval of a derivative settlement is appropriate 'if it fairly and adequately serves the interests of the corporation' on whose behalf it was brought." *Id.* at 391, quoting *Republic Nat'l Life Ins. Co. v. Beasley*, 73 F.R.D. 658, 667 (S.D.N.Y 1977). The authority to approve a settlement of a derivative action is committed to the sound discretion of the trial court. *Jones v. Nuclear Pharmacy, Inc.*, 741 F.2d 322, 324 (10th Cir. 1984). A court should not decide the merits of the action or attempt to substitute its own judgment for that of the parties in deciding whether to approve a settlement. *Lewis v. Newman*, 59 F.R.D. 535, 527 (S.D.N.Y. 1973).

6. Because SFW (solely owned by Williams) and the Estate are the only shareholders of SDI, and because both shareholders have entered into a settlement agreement, the notice provisions and other formalities usually required of derivative actions are unnecessary. The settlement fairly and adequately serves the interests of SDI because 100 percent of its shareholders have approved and entered into the settlement. The Rule 23.1(c) notice requirements are unnecessary because there is no possibility that an unknowing shareholder will be prejudiced.

7. Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request by court order on terms that the Court considers proper. Dismissal is proper here because the parties have entered into a settlement agreement, have agreed to dismissal with prejudice, and have agreed each to pay their own attorney fees and costs, leaving no issues unresolved.

WHEREFORE, the parties respectfully request the Court to approve the settlement pursuant to Rule 23.1(c) and dismiss this case with prejudice pursuant to Rule 41(a)(2),

each party to pay their own attorney fees and costs.

Date: September 16, 2021          Respectfully submitted,

**FEDER LAW FIRM**
*s/ Steven M. Feder*
Steven M. Feder
Feder Law Firm
625 E. 16th Avenue, West Wing
Denver, CO 80203
(303) 221 5599
steve@federlawfirm.com
*Attorneys for Plaintiff Lauri Zeingelberg as personal representative of the Estate of Kenton Loren Zwingelberg suing derivatively on behalf of Sprint Denver, Inc.*

**FITZNER LLP**
*s/ Douglas R. Salisbury*
Douglas R. Salisbury
Thanksgiving Tower
1601 Elm Street, Suite 1995
Dallas, TX 75201
(214) 810-1488
doug@mitznerllp.com
*Attorneys for Defendant Robert A Williams*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of September, 2021 I electronically filed the foregoing Stipulated Motion for Approval of Derivative Action Settlement and Dismissal of Action with Prejudice with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Douglas R. Salisbury, Esq.
Mitzner LLP
Thanksgiving Tower
1601 Elm Street, Suite 1995
Dallas, Texas 75201
doug@mitznerllp.com

                              *s/ Barry Boughman*

4