IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03113-NRN

LAURI ZWINGELBERG as personal representative of the ESTATE OF KENTON LOREN ZWINGELBERG suing derivatively on behalf of SPRINT DENVER, INC.,

    Plaintiff,

v.

ROBERT A. WILLIAMS,

    Defendant.

---

### ORDER GRANTING STIPULATED MOTION FOR APPROVAL OF DERIVATIVE ACTION SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE

---

Upon the stipulated motion of Plaintiff Lauri Zwingelberg, as personal representative of the Estate of Kenton Loren Zwingelberg (the "Estate") suing derivatively on behalf of Sprint Denver, Inc. ("SDI"), and Defendant Robert A. Williams ("Williams") for approval of the settlement in this derivative action pursuant to Fed. R. Civ. P. 23.1(c) and dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(2), having considered the purposes underlying the stipulated motion and the authorities cited therein,

**THE COURT HEREBY FINDS** that:

1. This is a derivative action brought pursuant to Fed. R. Civ. P. 23.1.

2. Williams answered the complaint and did not assert counterclaims (Dkt. #14).

3. Williams is the owner of Sprint Fort Worth, Inc. ("SFW") (Dkt. #5, Verified Complaint ("Complaint"), ¶ 23; Dkt. #14, ¶ 23).

4. SFW owns 55% of the shares of SDI. (Dkt. #5, Complaint, ¶ 22; Dkt. #14, ¶ 22.)

5. The Estate owns 45% of the shares of SDI (Dkt. #5, Complaint, ¶ 24; Dkt. #14, ¶ 24).

6. SFW (wholly owned by Williams) and the Estate thus comprise 100% of the shareholders of SDI.

7. The parties have advised the Court that the Estate, Williams, SFW, and SDI have entered into a settlement agreement that resolves all claims in this action.

8. The parties have requested that the Court approve the settlement and dismiss the case with prejudice, each party to pay their own costs and attorney fees.

9. The notice provisions and other formalities usually required of derivative actions pursuant to Fed. R. Civ. P. 23.1(c) are unnecessary because all shareholders are party to the settlement and there is no possibility that an unknowing shareholder will be prejudiced.

**IT IS THEREFORE ORDERED** that:

A. The settlement entered into by the parties is approved pursuant to Fed. R. Civ. P. 23.1(c); and,

B. This action is dismissed with prejudice, each party to pay their own costs and attorney fees.

**DATED** this __16th__ day of __September__, 2021.

**BY THE COURT:**

_____
N. Reid Neureiter
United States Magistrate Judge